# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-40616
Summary Calendar

ROCHELLE KNIGHTON; BILLIE R NORMAN

Plaintiffs - Appellants

v.

MERSCORP INC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-0029

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This appeal is from the district court's dismissal of a multi-district litigation case for failing to state a claim on which relief could be granted. The Plaintiffs alleged that a small fee charged by mortgage lenders, which was then paid to the Defendants, violated provisions in the Real Estate Settlement Procedures Act ("RESPA"). See 12 U.S.C. § 2607. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rochelle Knighton and Billie R. Norman filed suit against Merscorp, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively, "MERS"). MERS served as the mortgagee of record in public land records. MERS members pay a one-time and nominal fee for each registered mortgage. With MERS as the permanent record mortgagee, rights to the mortgage loan can be bought and sold without any changes to the public land records.

The Plaintiffs alleged that MERS violated two subsections of RESPA that prohibit the payment of kickbacks or the division of unearned fees. See 12 U.S.C. § 2607(a)-(b). After filing suit, the Plaintiffs filed a motion for class certification. MERS opposed the motion. The district court, sua sponte, ordered that one section of MERS's motion in opposition to class certification be treated as a Rule 12(b)(6) motion to dismiss. No objection was made below or raised here to the district court's initiating the procedure. The court permitted all plaintiffs in six separate suits with these claims to file motions in opposition to the Rule 12(b)(6) motion. All suits were later dismissed for failure to state a claim. The only suit from which an appeal was taken is the one before us today.

We review a district court's determination of a Rule 12(b)(6) motion de novo. In re S. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008). When reviewing a motion to dismiss, we must accept all well-pled facts as true and view them in the light most favorable to the non-moving party. Id. In order to survive a motion to dismiss, a complaint must have "enough facts to state a claim of relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see Cuvillier v. Taylor, 503 F.3d 397, 401 n.4 (5th Cir. 2007) (Twombly retired the prior standard for reviewing adequacy of a complaint).

Initially, the Plaintiffs argue that the district court erred by failing to convert the Rule 12(b)(6) motion into a motion for summary judgment, an argument based on the alleged presence of evidence in the motion not contained in the pleadings. A motion to dismiss should be converted to a motion for

summary judgment when the court relies on matters outside of the pleadings. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993). Here, the district judge only referenced information outside of the pleadings in the section of her opinion providing background on MERS and its role in mortgage lending. This does not show legal reliance on the information. See *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) (holding that a district court's adoption of a portion of a report not contained in the motion to dismiss as part of the recitation of facts section was a mere reference to information outside of the pleadings and not reliance on that information).

The Plaintiffs also argue that the district court erred by dismissing their claim that MERS received illegal kickbacks. A portion of RESPA prohibits giving or receiving "any fee, kickback, or thing of value pursuant to any agreement or understanding . . . that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). Therefore, for a kickback or transfer of a thing of value to be prohibited, it needs to be given in exchange for the referral of business. See *Krupa v. Landsafe, Inc.*, 514 F.3d 1153, 1156 (11th Cir. 2008) ("RESPA's § 2607(a) is quite specific in describing the kickback that it prohibits. It prohibits a kickback for referral of business."). The Plaintiffs did not allege a violation of this provision in their final amended complaint. They argued that the nominal fee paid by mortgage lenders to MERS constituted the kickback or thing of value and that MERS received the referral of business from the mortgage lenders. Therefore, the allegation is that MERS received both the kickback and the business referral, not that MERS received a referral of business in exchange for a kickback. Quite simply, the Plaintiffs failed to state a claim under Section 2607(a).

The Plaintiffs also contend that the district court erred by dismissing their claim under 12 U.S.C. § 2607(b). That section prohibits the giving or receiving

of "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." The Plaintiffs argue that the MERS registration fee violates Section 2607(b) because the services the company performs in exchange for the fee do not benefit the borrower.

Under this Section 2607(b) claim, there are three potential questions: (1) was the MERS fee a settlement service; (2) does Section 2607(b) apply to undivided fees; and (3) were services actually performed? We examine each.

The Plaintiffs explicitly argue that the MERS registration fee was not for a settlement service. As their appellate brief states, the "registration of a mortgage in a private, nongovernmental registration system, in order to avoid payment of government recording fees each time a note and mortgage are sold in a global securities market, is not a settlement service." As we understand the argument, Section 2607(b) allegedly prohibits charging fees that are not for settlement services even when those services are actually performed. The more straightforward reading of the statute, and the one we adopt, is that what it prohibits is charging a fee for a settlement service that is not performed.

Next, the Plaintiffs argue that Section 2607(b) applies to undivided fees. The statutory language refers to a split fee or the payment of a percentage of a fee; it does not mention undivided fees. It is true that one Circuit has found that Section 2607(b) applies to undivided fees. See Cohen v. JP Morgan Chase & Co., 498 F.3d 111 (2d Cir. 2007). We do not analyze the issue of whether a split in the fee is required because that answer does not control the outcome.

Finally, the Plaintiffs argue that for a service actually to be performed under Section 2607(b), the service must result in a benefit to the borrower. The Plaintiffs provide no legal support for this assertion. The statute clearly states that charges cannot be paid other than for services actually performed, but

nothing in it implies that the services must benefit the borrower. Additionally, it could be argued that the service provided by MERS actually did provide a benefit to the borrower: as loans became easier to securitize and sell, larger numbers of people were able to obtain mortgage loans.

Even if there are public costs of uncontrolled securitization, analyzing those costs is not part of our consideration of whether the potential borrower received a benefit. What is important for the analysis relevant now is that MERS received a small fee from member mortgage lenders. In exchange for the fee, MERS performed the service of being the permanent record mortgagee in the public land records, regardless of how many times the beneficial and servicing rights to the mortgage loans were bought and sold. Because the fee was paid in exchange for a service that was actually performed, the Plaintiffs failed to state a claim under Section 2607(b).

The district court's dismissal of the complaint is AFFIRMED.